IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GAMING FINANCING ASSOCIATES, INC.,**
**A Delaware Corporation,**

    **Plaintiff,**

vs.                                                         No. CIV  05-609 LCS/LAM

**INFINITY GROUP INC., A New**
**Mexico Corporation, EARL D. MORRIS,**
**NATALIE MORRIS, NAN B. MORRIS,**
**& ROLEN A. MILLER,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before the Court on Defendants' Motion for Partial Summary Judgment on Counts I and II of Counterclaim and Counts I and II of Complaint, filed on April 27, 2006.  (Doc. 34.)  The Court, acting upon consent and designation pursuant to 28 U.S.C.    § 636(c), and having reviewed the motions and considered the submissions of counsel, relevant authorities, and being otherwise fully advised, finds that the motion should be **GRANTED in part**.  The Court further finds that Plaintiff shall have the option of filing a response to Defendants' motion no later than **June 19, 2006** as more fully described herein.

    Defendants filed their motion for partial summary judgment on April 27, 2006.  (Doc. 34.) Plaintiff's response to Defendants' motion was due on May 11, 2006.  *See* D.N.M. LR-Civ. 7.1(b), 7.6(a).[1]  Eleven days after its response was due, Plaintiff filed a motion for an extension of

---

[1] Rule 7.1(b) states in part, "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  Rule 7.6(a) states in part, "A response must be served within fourteen (14) calendar days after service of the motion."  Rule 7.6(a) goes on to provide that, "If an extension of time is opposed, the party seeking the extension must file a separate motion within the applicable 14-day

time through June 20, 2006 to respond to Defendants' motion.  (Doc. 41.)  Defendants informed the Court that they were willing to give Plaintiff an extension, but felt that an extension through June 20, 2006 was too long.  (Doc. 43 at 2.)  On May 26, 2006, I gave Plaintiff an extension through May 31, 2006 in which to file its response to Defendants' motion.  (Doc. 44.)

Plaintiff filed its response eight days after the Court-imposed deadline.  (Doc. 45.)  In the response, Plaintiff's counsel stated that because he was moving his office, his mail was delayed.  (Doc. 45 at 1.)  Because of the delay, he received the Court's order eight days late.  (*Id.*)  While not citing any law, Plaintiff's counsel did briefly address Defendants' motion and requested additional time to submit affidavits and other materials.  (Doc. 45.)  Plaintiff admitted "that the License Agreement to RAM Enterprises was invalid, *ab initio*."  (Doc. 45 at 2.)  Plaintiff asserts, however, that "it had the right to act as agent for Infinity to license [the] technology" at issue.  (*Id.*)  Defendants contend that there was no agency relationship between the two parties.  (Doc. 35 at 11-13.)  Based on Plaintiff's admission, the Court finds that count one of Defendants' counterclaim shall be **GRANTED** to the extent that Defendants seek a declaratory judgment that the license is invalid.  The Court reserves, however, any ruling on count one of Defendants' counterclaim with respect to the issue of whether Plaintiff was an agent of Defendants, thereby giving Plaintiff some right to transfer a right, title, or interest in the '835 Patent and/or the '477 Patent.

Plaintiff seeks time to more fully respond to Defendants' motion.  (Doc. 45 at 1.)  While I do not approve of the delay in this matter, my decision to give Plaintiff more time to respond is

---

period.  An extension of briefing time must not interfere with established case management deadlines."  Because Plaintiff filed its motion after the applicable 14-day period, the motion to extend did not comply with Rule 7.6(a).

2

guided by *Issa v. Comp USA*, 354 F.3d 1174 (10th Cir. 2003). In *Issa*, the Tenth Circuit noted that where a party fails to respond to a dispositive motion, "'dismissal or other final disposition of a party's claim is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice.'" *Issa*, 354 F.3d at 1177 (quoting *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002)). Where such an extreme sanction is inappropriate, this Court instead "'has discretion to sanction a party . . . for failing to comply with local or federal procedural rules . . . .'" *Id.* at 1178 (quoting *Reed*, 312 F.3d at 1195). Accordingly, Plaintiff has two choices: 1) Plaintiff may respond to Defendants' motion no later than **June 19, 2006.** If Plaintiff chooses to respond, Defendants may file a reply no later than **June 26, 2006;** Defendants may also file a post-trial motion, regardless of the outcome of this motion or the trial, requesting costs and attorneys' fees related to the filing of this motion. 2) In the alternative, Plaintiff may choose not to respond to the motion. If Plaintiff chooses not to respond, the remainder of Defendants' motion will granted in full, and Plaintiff will not be charged with any of Defendants' costs or attorneys' fees related to the filing of this motion.

**WHEREFORE,**

**IT IS ORDERED** that count one of Defendants' counterclaim shall be **GRANTED** to the extent that Defendants seek a declaratory judgment that the license is invalid. The Court reserves, however, any ruling on count one of Defendants' counterclaim with respect to the issue of whether Plaintiff was an agent of Defendants, thereby giving Plaintiff some right to transfer a right, title, or interest in the '835 Patent and/or the '477 Patent.

**IT IS FURTHER ORDERED** that 1) Plaintiff may respond to Defendants' motion no later than **June 19, 2006.** If Plaintiff chooses to respond, Defendants may file a reply no later

than **June 26, 2006;** Defendants may also file a post-trial motion, regardless of the outcome of this motion or the trial, requesting costs and attorneys' fees related to the filing of this motion. 2) If Plaintiff chooses not to respond to Defendants' motion, the remainder of this motion will be granted in full, and Plaintiff will not be charged with any of Defendants' costs or attorneys' fees related to the filing of this motion.

    **IT IS SO ORDERED.**

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**