IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GAMING FINANCING ASSOCIATES, INC.,
A Delaware Corporation,

      Plaintiff,

vs.                                                                                            No. CIV  05-609 LCS/LAM

INFINITY GROUP INC., A New
Mexico Corporation, EARL D. MORRIS,
NATALIE MORRIS, NAN B. MORRIS,
& ROLEN A. MILLER,

      Defendants,

THE ESTATE OF WILLIAM SILAS REDD,

      Plaintiff in Intervention,

vs.

INFINITY GROUP, INC., A New Mexico
Corporation, ROLEN A. MILLER, EARL D.
MORRIS, H. EARL MORRIS, NAN B. MORRIS,
and GAMING FINANCE ASSOCIATES, INC.,
A Delaware Corporation,

      Defendants in Intervention.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion for Partial Summary Judgment on Counts I and II of Counterclaim and Counts I and II of Complaint, filed on April 27, 2006.  (Doc. 34.)  The Court, acting upon consent and designation pursuant to 28 U.S.C. § 636(c), and having reviewed the motions and considered the arguments and submissions of counsel, relevant authorities, and being otherwise fully advised, finds that the motion should be **DENIED**.

I.     FACTS

This action began with a debt owed by Infinity Group ("Infinity"), a corporation involved in the gaming industry, to ICON Funding Corporation ("ICON"), and personally guaranteed by Mr. William S. Redd.[1]  (Doc. 49, Ex. 2 at 39:4-25, 40:1-13.)  Infinity defaulted on the debt, and ICON sued both Infinity and Mr. Redd.  (*Id.*; *see also* Doc. 35, Ex. F at ¶ 11.)  In January, 2001, the parties agreed to a settlement of the debt, whereby ICON would ultimately receive a total of $1,275,000.  (Doc. 49, Ex. 9.)  Mr. Redd did not personally attend this settlement conference, but did send Mr. Joseph Caruso as his representative.  (*See* Doc. 35, Ex. F at ¶ 12.)  In June, 2001, Mr. Caruso and Mr. Redd collaborated to incorporate Gaming Financing Associates, Inc. ("GFA"), a company that was originally intended to be a "pass-through for money from Redd to ICON, to help make [the] settlement occur."  (Doc. 35, Ex. B at 25:23-25, 26:1-2; *see also* Docs. 35, Exs. E, F at ¶ 13; 45 at 3.)

---

[1] This District's local rules clearly state:
A memorandum in opposition to [a motion for summary judgment] *must contain a concise statement of the material facts as to which the party contends a genuine issue does exist*.  Each fact in dispute must be numbered, must refer with particularity to those portions of the record upon which the opposing party relies, and must state the number of the movant's fact that is disputed.  *All material facts set forth in the statement of the movant will be deemed admitted unless specifically controverted.*

D.N.M. LR-Civ. 56.1(b) (emphasis added).  Plaintiff has had two opportunities to file a response that complied with the local rules of this Court.  (*See* Docs. 45, 47, 49.)  Plaintiff's only specific mention of the facts as laid out by Defendants was "We disagree with paragraph [sic] numbered 12, 14, 17 and 18 in Defendant[s'] Statement of Undisputed Material Facts."  (Doc. 45 at 3.)  Neither of the responses Plaintiff submitted complied with local rule 56.1(b).

While Defendants did submit a statement of facts, many of the facts were not supported by particular references to the record.  *See* D.N.M. LR-Civ. 56.1(b).  While I have made efforts to identify relevant factual disputes, it is not my duty to "search the record in an effort to determine whether there exists dormant evidence which might require submission of the case to a jury."  *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1025 (10th Cir. 1992) (citation omitted).  The Court will, therefore, accept as true those of Defendants' facts which are both supported by accessible record evidence and for which Plaintiff has not submitted any contradicting evidence.

The full settlement amount due to ICON was eventually paid off, but the source of those payments is contested. (*See* Docs. 35, Ex. F at ¶ 13; 49, Exs. 6-7.) The parties also disagree about the extent of GFA's role in both the settlement and the repayment plan. GFA asserts that Infinity gave GFA certain rights and authority to act on Infinity's behalf; Infinity asserts that GFA had no rights or authority beyond its role as a pass-through for money paid by Infinity and Mr. Redd. (Docs. 35, Ex. J at 6:11-16, 7:7-17; 49 at 2, Exs. 1 at 51:7-10, 2 at 86:20-25, 87:1.) Infinity disputes GFA's argument that the parties established oral contracts which provided for repayment of money from Infinity to GFA. (Docs. 35, Exs. D, F; 49, Ex. 2 at 86:1-9, Exs. 6-7.)

## II.     SUMMARY JUDGMENT STANDARD

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Generally, the Movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970) (citation omitted). When applying this standard, the Court examines the record and reasonable inferences "in the light most favorable to the nonmoving party." *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999) (citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). The Movant's initial burden may be discharged by showing "there is an absence of evidence to support the non-moving party's case." *Celotex v. Catrett*, 477 U.S. 317,

325 (1986). Once the Movant meets its burden, the burden shifts to the non-moving party to demonstrate that there is a genuine issue for trial on a material matter. *See Simms*, 165 F.3d at 1326 (citation omitted).

### III.    ANALYSIS

In this motion, Infinity asks the Court to hold that: 1) GFA did not have any status as an agent of Infinity; and 2) the parties did not enter into any oral contracts sufficient to modify the written Indemnity Agreement. (Doc. 35 at 11-18.) As I explain below, the first issue is moot, and genuine factual disputes preclude the entry of summary judgment on the second issue.

### 1.    Whether the Parties Ever Entered Into an Agency Relationship Is Now a Moot Issue.

The only transaction before this Court in which GFA purported to act as Infinity's agent involves the license which both parties acknowledge is invalid. (*See* Docs. 35 at 9-11; 45 at 2; 47 at 2; 61 at 1-2.) Infinity admitted, however, that because it is being sued by another party in Texas on a similar set of facts, it sought an ultimate determination in this Court of whether there was an agency relationship in order to dispose of the issue altogether. (*See* Doc. 61 at 1-2.) "[A] federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.'" *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (internal citation omitted)). The parties in this case have agreed that a determination of whether they had an agency relationship will not affect the ultimate relief granted based on the claims asserted. (*See* Doc. 61 at 1-2.) My decision on this issue would not, then, "resolve a real and substantial

4

controversy . . . ."  *Preiser*, 422 U.S. at 401 (quotation marks and citation omitted).  Consequently, this issue is denied as moot.

### 2. There Are Factual Disputes Regarding Whether the Parties Entered Into Oral Agreements.

Genuine issues of material fact exist with respect to the issue of whether oral contracts exist between GFA and Infinity.  Defendants advance two main arguments to counter GFA's claims of oral agreements.  (Doc. 35 at 16-18.)  First, Defendants argue that any oral contract between Defendants and GFA would act as a modification to the written Indemnity Agreement between Defendants and Mr. Redd.  (*Id.*)  To prove the existence of such an oral modification, GFA must provide clear and convincing evidence of the oral agreements.  *Powers v. Miller*, 984 P.2d 177, 179-180 (N.M. App. 1999) (citations omitted).

GFA presents several pieces of evidence which raise genuine factual disputes.  For example, Mr. Caruso testified that the shareholders of Infinity assured him that, because GFA provided financial assistance for the ICON settlement, GFA would have authority to license Infinity's technology.  (Doc. 49, Ex. 2 at 86:1-9.)  GFA also provided electronic communications signed by both GFA and Infinity representatives that referenced the amount of money Infinity owed to GFA and indicated that Infinity made payments directly to GFA.  (Doc. 49, Exs. 6-7.)  Infinity offers its own evidence to refute GFA's claims of oral agreements.  (Doc. 35, Exs. D, F.)  Whether Plaintiff will be able to sustain its burden of proof, and whether there is any substance or truth to any of the parties' assertions, is a matter for trial.

Defendants also argue in their reply that even if the Court found oral agreements, the agreements would be void as violative of the Statute of Frauds.  (Doc. 53 at 8-9.)  Defendants are

mistaken. "Under the majority view, full performance of an oral contract not to be performed within one year renders the contract enforceable by the party who has performed." *In re* Estate of Bergman, 761 P.2d 452, 455 (N.M. App. 1988) (citations omitted). According to GFA, it did indeed fully perform its portion of the oral agreements by paying certain amounts to ICON in furtherance of the settlement agreement. (*See* Doc. 49 at 5, Exs. 6-8.) If true, there is then a possibility that the alleged oral contracts would not fall within the proscriptions of the Statute of Frauds. Even if GFA could not prove full performance, "contracts of uncertain duration are simply excluded [from the Statute of Frauds]; the provision covers only those contracts whose performance *cannot possibly be completed* within a year." RESTATEMENT (SECOND) OF CONTRACTS § 130 cmt. a (1981) (emphasis added). Thus, while the parties allegedly entered into an oral agreement in January 2001, and completion of the agreement was not to be final until August, 2002, Defendants *could have* repaid and assigned certain rights to GFA within one year.[2] (*See* Docs. 1 at 4, 6; 53 at 9.) For the foregoing reasons, summary judgment in favor of Defendants is inappropriate.

**IV.    CONCLUSION.**

---

[2] This situation is somewhat similar to one of the examples presented in the Restatement:
> A, an insurance company, orally promises to insure B's house against fire for five years, B promising to pay the premium therefor within the week. The contract is not within the Statute of Frauds, since if the house burns and the insurer pays within a year the contract will be fully performed.

RESTATEMENT (SECOND) OF CONTRACTS § 130 cmt. a, illus. 1 (1981). Here, Infinity allegedly agreed to repay a certain amount of money and assign rights to GFA, to be completed approximately eighteen months after the parties made the oral agreement. Because Infinity could have repaid the debt and assigned the rights immediately after the agreement was made, the contract does not appear to fall within the Statute of Frauds. *Id.* While I am denying summary judgment on this issue now, Defendants are not foreclosed at trial from arguing facts to support their argument that the oral agreements fall within the Statute of Frauds.

After considering all of the evidence and construing all inferences in favor of GFA, I find that the issue of agency relationship should be denied as moot.  Further, the motion will be denied with respect to whether the parties entered into valid oral contracts, because genuine issues of material fact remain for trial.

**WHEREFORE,**

**IT IS ORDERED** Defendants' motion is **DENIED AS MOOT** with respect to the agency relationship issue; the motion is **DENIED** with respect to the remaining issues regarding oral contracts.  (Doc. 35.)  This order does not disturb the June 13, 2006 order granting Defendants' motion with respect to the issue of the invalidity of the license.  (Doc. 47.)

**IT IS SO ORDERED.**

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**